UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GERMAINE BENTON                                                                          PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 1:08CV153-RHW

IAN ESTORFFE and
TROY BORDELON                                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Troy Bordelon's [14] Motion for Summary Judgment based on a defense of qualified immunity. Bordelon filed the motion on December 1, 2008. Plaintiff has not filed a response in opposition.

## Factual Background

In his 42 U.S.C. § 1983 complaint, Plaintiff contends that he was the victim of excessive force during a traffic stop and arrest. On or about April 17, 2007, Plaintiff was driving along Highway 90. While Plaintiff was stopped at a red light, a confrontation with officers from the Waveland police department ensued. Officer Jeremy Skinner jumped through the window of Plaintiff's vehicle with his gun aimed at Plaintiff. Skinner snatched Plaintiff to the passenger side of his vehicle, causing Plaintiff's foot to leave the brake pedal. As a result, the car began moving forward. Officers Ian Estorffe and Roy Murphy then approached the driver's side of Plaintiff's vehicle. The officers reached through the window of the car and put the vehicle in park. Plaintiff alleges that Officer Estorffe then snatched Plaintiff out of the vehicle, punched him in the mouth, and slammed him violently against the trunk of his car. Officer Estorffe placed handcuffs on Plaintiff. Another unidentified officer placed Plaintiff on the ground.

At this point in the incident, Defendant Bordelon appeared on the scene, "approached Benton and put his foot in Benton's back." Officer Bordelon allegedly threatened Plaintiff, "then

applied pressure to Benton's back with his foot." Plaintiff asserts that he has suffered back pain since this incident.

Defendant Bordelon does not offer any summary judgment evidence in support of his motion, but argues that even taking Plaintiff's factual allegations as true, Bordelon is entitled to qualified immunity for his actions during the arrest of Plaintiff. Bordelon argues that Plaintiff fails to establish a claim against him either in his official or individual capacity.

**Law and Analysis**

To the extent that Plaintiff alleges that Defendant, acting in his official capacity, violated Plaintiff's constitutional rights, Plaintiff's claim fails. In order to establish liability against a police officer acting in his official capacity, Plaintiff must establish a municipal policy that caused a deprivation of a recognized constitutional right. *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992). Plaintiff has failed to allege an official policy or practice that caused the deprivation of his constitutional right. Rather, Plaintiff has alleged a single, isolated, and brief encounter with Officer Bordelon during an arrest. Plaintiff's complaint, on its face, fails to allege that Officer Bordelon violated his constitutional rights in his official capacity.

With regard to Plaintiff's claims against Officer Bordelon in his individual capacity, a police officer may claim qualified immunity for his discretionary functions. *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). Qualified immunity shields a police officer from civil liability for discretionary functions if his actions were objectively reasonable in light of the clearly established legal rules at the time of the actions. *Id.* In order to establish a claim for excessive force, the plaintiff must establish (1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.

2

*Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007). The relevant inquiry is whether the force used by the defendant was clearly excessive or clearly unreasonable and whether the totality of the circumstances justified the particular use of force. If the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to underlying intent or motivation, then he is entitled to qualified immunity. *Ramirez v. Knoulton*, 542 F.3d 124, 128-29 (5th Cir. 2008).

The Court finds that as a matter of law, Officer Bordelon's use of force (applying pressure to Plaintiff's back) was not disproportionate to the actions required under the circumstances. Just prior to Officer Bordelon's actions, Plaintiff had been forcibly pulled from a moving vehicle during what became a violent confrontation. Plaintiff was being held at the scene of the arrest, unconfined, lying on the ground and wearing handcuffs. Based on Plaintiff's allegations, Officer Bordelon merely applied pressure to Plaintiff's back as Plaintiff lay face down on the ground. Defendant did not kick Plaintiff, did not stomp on him with his foot, and did not grind his foot into Plaintiff's back. The application of pressure to Plaintiff's back during an arrest, particularly one in which Plaintiff had to be forcibly removed from his vehicle and remained unconfined at the scene of the arrest, was not objectively unreasonable in light of the totality of circumstances.

The Court finds that Defendant Bordelon's [14] Motion for Summary Judgment should be GRANTED, and Officer Troy Bordelon is dismissed as a defendant from the lawsuit with prejudice.

SO ORDERED, this the 2nd day of February, 2009.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE